David TELLO–BARRIENTOS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75136.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

David Tello-Barrientos, Los Angeles, CA, pro se.

CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office Of The District, Counsel, Department of Homeland Security San Francisco, CA, Patricia A. Smith, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

David Tello–Barrientos, a native and citizen of Peru, petitions pro se for review of the Board of Immigration Appeals' ("BIA") opinion which affirmed the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA conducted a de novo review of the record and made an independent determination of whether relief is appropriate, this Court reviews the decision of the BIA. *See Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence the BIA's decision and may reverse only if the evidence compels such a result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Tello–Barrientos seeks asylum based on two incidents allegedly perpetrated by the Shining Path. Even assuming that the Shining Path was the perpetrator of the incidents, substantial evidence supports the BIA's finding that Tello–Barrientos failed to establish past persecution or a well-founded fear of future persecution based on an enumerated ground. *See id.* at 481–84, 112 S.Ct. 812; *see also Sangha v. INS*, 103 F.3d 1482, 1491 (9th Cir.1997) (concluding that petitioner failed to show that he faced problems on account of his political opinion).

Because Tello–Barrientos did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence supports the BIA's denial of CAT relief because Tello–Barrientos did not establish that it is more likely than not that he will be tortured if returned to Peru. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

